1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

| | |
|---|---|
| EZELL MOORE, JR., | Case No.: 1:13-cv-01617-MJS |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| B. BOYLES, et al., | ECF No. 1 |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

On October 7, 2013, Ezell Moore, Jr. ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) It appears Plaintiff was a pretrial detainee at the time of the incident underlying his Complaint.[1]

18

19

20

21

**I.    SCREENING REQUIREMENT**

22

23

24

25

26

27

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

28

---

[1] Plaintiff is not clear about his current status. In his amended complaint Plaintiff should state if he was a pretrial detainee, civil detainee, or regular prison inmate when the incident underlying his Complaint occurred.

1    1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

2    paid, the court shall dismiss the case at any time if the court determines that . . . the action or

3    appeal . . . fails to state a claim upon which relief may be granted."   28 U.S.C. §

4    1915(e)(2)(B)(ii).

5        A complaint must contain "a short and plain statement of the claim showing that the

6    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8    conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

9    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

10   factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556

11   U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the

12   mere possibility that a defendant committed misconduct and, while factual allegations are

13   accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

14   **II.    PLAINTIFF'S CLAIMS**

15       Plaintiff is currently housed in Lerdo Max-Med Facility in Bakersfield, California.  He

16   was previously housed in the "downtown jail".  Making deductions from Plaintiff's allegations

17   and his naming as Defendants only Kern County officials, it appears that the "downtown jail"

18   is a jail located in Kern County.[2]

19       Plaintiff names the following individuals as defendants: 1) B. Boyles, deputy sheriff

20   with the Kern County Sheriff's Office and 2) R. Powell, Kern County Sheriff's Office.  Plaintiff

21   alleges that defendants violated his Eighth Amendment rights when they jumped on him

22   while he was restrained thereby subjecting him to cruel and unusual punishment.

23       Plaintiff asks for $3,000 in compensatory damages and $2,000 for pain and suffering.

24   **III.   ANALYSIS**

25       **A.  42 U.S.C. § 1983 Claims**

26       42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

27   privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder

28

---

[2] In his amended Complaint, Plaintiff should state exactly where the events underlying this action occurred.

1    v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not

2    itself a source of substantive rights, but merely provides a method for vindicating federal

3    rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

4            To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

5    right secured by the Constitution or laws of the United States was violated, and (2) that the

6    alleged violation was committed by a person acting under the color of state law.  See West v.

7    Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.

8    1987).

9            **B.  Eighth Amendment – Excessive Force Claim**

10           The Court will analyze Plaintiff's cruel and unusual punishment allegation under the

11   standard that applies to pretrial detainees since it appears that was Plaintiff's status at the

12   time of the incident at issue.

13           The Eighth Amendment's prohibition against cruel and unusual punishment only

14   protects convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor,

15   490 U.S. 386, 395 n.10 (1989).  It is the Due Process Clause of the Fourteenth Amendment

16   that protects pretrial detainees from the use of excessive force which amounts to

17   punishment, Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing

18   Graham, 490 U.S. at 395 n.10), and the Fourth Amendment sets the applicable constitutional

19   limitations for considering such claims, Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir.

20   2003) (citing Gibson, 290 F.3d at 1198) (quotation marks omitted).

21           The unnecessary and wanton infliction of pain violates the Cruel and Unusual

22   Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

23   (citations omitted).  For claims of excessive physical force, the issue is "whether force was

24   applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically

25   to cause harm."  Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the

26   Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth

27   Amendment, regardless of whether or not significant injury is evident.  Hudson, 503 U.S. at

28   9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

1    In resolving claims of excessive force brought by pretrial detainees, the Fourth
2 Amendment's objective reasonableness standard applies.  Lolli, 351 F.3d at 415.  The
3 inquiry is whether defendants' actions were objectively reasonable in light of the facts and
4 circumstances confronting them, without regard to their underlying intent or motivation.  Id.
5 (citing Graham, 490 U.S. at 397) (quotation marks omitted).  The nature and quality of the
6 intrusion on Plaintiff's Fourth Amendment interests must be balanced against the
7 countervailing governmental interests at stake.  Id. (citing Graham, 490 U.S. at 397)
8 (quotation marks omitted).  Factors may include the severity of the incident giving rise to the
9 use of force, whether Plaintiff posed an immediate threat to the safety of defendants or
10 others, and whether Plaintiff was actively attempting to avoid being subdued or brought
11 under control.  See Gibson, 290 F.3d at 1198 (citation omitted).

12    Plaintiff has failed to state a Fourteenth Amendment excessive force claim against
13 Defendants Boyles and Powell because he does not  provide facts about the circumstances
14 surrounding the alleged attack which would suggest a constitutional violation.  He does not
15 explain what led to the incident, what if any reasons were given by Defendants for their
16 actions, whether there was any threat to jail staff or other inmates at the time of the incident,
17 or if defendants made an effort to temper the severity of the force used.  The facts pled do
18 not reveal that defendants' actions were malicious, sadistic, or violated contemporary
19 standards of decency.

20    Plaintiff has failed to state an Eighth Amendment excessive force claim against
21 defendants.  He will be given an opportunity to amend his claim.  In his amended complaint,
22 Plaintiff needs to explain where the incident occurred, describe Plaintiff and defendants'
23 locations, the words and actions immediately preceding and leading up to the event, reasons
24 given by defendants for their actions, and why Plaintiff believes that defendants' actions were
25 so extreme as to rise to the level of excessive force.

26 **IV.    CONCLUSION AND ORDER**

27    Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.
28 The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his

claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.	The Clerk's Office shall send Plaintiff a complaint form;

2.	Plaintiff's Complaint, filed October 7, 2013, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.	Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.	If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:	November 27, 2013	/s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE